IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD KECK, :
:
Plaintiff, :
:
v. : CIVIL ACTION
: NO. 02-CV-4071
PPL ELECTRIC UTILITIES CORPORATION, :
:
Defendant. :

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant PPL Electric Utilities Corporation (improperly named in the Complaint as "PPL, Inc.") (hereinafter referred to as "PPL"), by and through its undersigned attorneys, responds to the Complaint in the above-captioned matter in accordance with the numbered paragraphs thereof as follows:

1. PPL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies those allegations.

2. PPL denies the existence of "PPL, Inc." PPL admits that it is a business corporation organized under the laws of the Commonwealth of Pennsylvania and that it has offices located at the address listed in paragraph 2.

3. The allegations in paragraph 3 constitute conclusions of law to which no responsive pleading is required, and PPL therefore denies those allegations.

4. The allegations that "[a]ll conditions precedent to jurisdiction under ADA and FMLA have occurred or been complied with" and that Plaintiff filed a charge with the

EEOC "within 180 days of the unfair employment practice" constitute conclusions of law to which no responsive pleading is required, and PPL therefore denies those allegations. PPL is without knowledge or information sufficient to form a belief as to the date Plaintiff received the "Notification of Right to Sue" from the EEOC and therefore denies Plaintiff's allegations with respect thereto. PPL denies the remaining allegations of paragraph 4.

5. The allegations in paragraph 5 constitute conclusions of law to which no responsive pleading is required, and PPL therefore denies those allegations.

6. Denied.

## COUNT ONE

7. PPL incorporates its responses to paragraphs 1-6 as if set forth fully herein.

8. PPL admits the allegations of paragraph 8, except denies the Plaintiff commenced employment on February 6, 1966. PPL's records reflect that Plaintiff commenced employment on February 7, 1966.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Admitted.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. PPL admits that Plaintiff retired effective October 7, 2001. PPL denies the remaining allegations of paragraph 22.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. PPL admits that Plaintiff seeks the relief stated. PPL denies that Plaintiff is entitled to any such relief.

32. Denied.

## COUNT TWO

33. PPL incorporates its answers to paragraphs 1-32 as if set forth fully herein.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied

42. Denied.

43. Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's claims to the extent they require interpretation of the collective bargaining agreement between PPL and Plaintiff's

bargaining representative, Local 1600 of the International Brotherhood of Electrical Workers, AFL-CIO.

### THIRD DEFENSE

Plaintiff's claims are barred to the extent he has failed to satisfy the administrative and/or jurisdictional prerequisites for the institution of an action and/or to the extent his claims were not raised in his administrative charge.

### FOURTH DEFENSE

Plaintiff's claims are barred or diminished to the extent he has failed to mitigate his damages.

### FIFTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

### SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver and/or estoppel.

### SEVENTH DEFENSE

PPL acted at all times in good faith and consistently maintained, implemented, and enforced a policy in the workplace against discrimination, and Plaintiff is not entitled to recovery of punitive damages.

### EIGHTH DEFENSE

PPL acted reasonably and in good faith at all times with respect to Plaintiff's requests for leave, and Plaintiff is not entitled to recovery of liquidated damages.

## NINTH DEFENSE

PPL reserves the right to assert any additional affirmative defenses in the future that may be made known during discovery.

Respectfully submitted,

*(signature)*

MICHAEL J. OSSIP (I.D. NO. 30912)
AMANDA D. HAVERSTICK (I.D. NO. 85069)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5761/5377

ANDREW K. WILLIAMS (I.D. NO. 81565)
PPL SERVICES CORP.
2 North Ninth Street
Allentown, PA 18101
(610) 774-4114

Attorneys for Defendant
PPL Electric Utilities Corporation

Dated: August 19, 2002

## CERTIFICATE OF SERVICE

I, Amanda D. Haverstick, hereby certify that a true and correct copy of Defendant's Answer and Affirmative Defenses was served on this 19th day of August, 2002, via first-class mail, upon the following:

Richard J. Orloski, Esq.
Orloski, Hinga, Pandaleon & Orloski
111 North Cedar Crest Boulevard
Allentown, PA 18104-4602

Attorney for Plaintiff

_____
AMANDA D. HAVERSTICK

1-PH/1650315.2