IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD KECK, | : | |
|          Plaintiff, | : | |
| | : | |
| vs. | : | No.  02-CV-4071 |
| | : | |
| PPL ELECTRIC UTILITIES CORPORATION, | : | |
| | : | |
|          Defendant | : | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

HISTORY OF THE CASE

a)  Procedural History

Plaintiff filed a Complaint against his former employer, PPL, Inc. under the Americans With Disabilities Act, 42 U.S.C. §12101 et seq.  Defendant filed an Answer.  Thereafter, the parties filed a Joint Stipulation of Facts.  Cross-Motions for Summary Judgment are now filed pursuant to Order of March 24, 2003.  This brief is in opposition to Defendant's Motion for Summary Judgment.

b)  Statement of Facts

Plaintiff offered a detailed Statement of Facts in Plaintiff's Brief In Support of Plaintiff's Motion for Summary Judgment.  Plaintiff incorporates said statement herein.

For purposes of responding to Defendant's Motion for Summary Judgment, however, Plaintiff notes that Defendant stipulated that it took adverse job action against Plaintiff solely because he was returning from a "medical disability leave":

> "20. On or about July 26, 2001, plaintiff received a letter from the PMA Insurance Group indicating that his 24 months of paid leave would end September 24, 2001.

1

21. On August 22, 2001, Plaintiff wrote to Sproesser indicating his plan to return to work September 24, 2001. The letter stated:

> In accordance with Exhibit 'L', Section I, Paragraph D, sub-paragraph 2 of the Current Labor Agreement between PPL, Inc. and IBEW Local Union 1600, please be informed of my medical release to return to work…

The letter also requested that Plaintiff's name be included in PPL's Voluntary Retirement List.

22. Following receipt of Plaintiff's August 22, 2001 letter, Sproesser contacted Andrew Megna ("Megna"), PPL Labor Relations Administrator, to determine how Plaintiff's return to work should be handled under the CBA.

23. Megna consulted with his supervisor, R. William Murray, PPL's Manager of Union Relations, as well as others in the PPL Labor Relations group. It was the collective position of the PPL Labor Relations Group that CBA Exh. L, Par. 2D, governed Keck's return to work and that CBA Article X did not apply. Megna communicated this information to Sproesser."

Joint Stipulated Facts Nos. 20-23.

The parties also stipulated that Plaintiff requested leave to retire because of "job displacement," and Defendant accepted the offer of resignation, but did not give him the benefits of being "displaced" because he came off of a medical disability:

> "31. On October 7, 2001, Plaintiff submitted to PPL a letter indicating his intent to retire effective November 1, 2001, and he did so. (A copy of this letter is attached as Exhibit E.)"
>
> ****
>
> "Ms. Sandi Hausman
> Employee Benefits Representative
> PPL, Inc.   GENN2
> 2 North 9th St.
> Allentown, PA 18101
>
> Re: Retirement
>
> Please be informed that due to job elimination, I request to retire from PPL, Inc. effective November 1, 2001.

2

          Respectfully,

          Richard W. Keck
          Employee No. E41901
          Designer Draftsman-Civil/Structural"

          Exhibit E

\*\*\*

32. Plaintiff received the standard retirement benefits available to PPL employees, but he did not receive the enhanced retirement benefits available to employees over age 55 who elect to retire upon being displaced, as provided for in CBA Art. X."

On these facts, Defendant seeks summary judgment solely because Plaintiff failed to file a grievance under the existing collective bargaining agreement. This brief in opposition to Defendant's Motion for Summary Judgment follows.

ARGUMENT

I.  WHETHER OR NOT THE SUPREME COURT OF THE UNITED STATES IN Wright v. Univ. Maritime Service Corp. supra EXPLICITLY REJECTED THE ARGUMENT THAT FAILURE TO GRIEVE UNDER A CBA PREEMPTS AN EMPLOYEE'S RIGHT TO A JUDICIAL FORUM UNDER ADA?

1. Plaintiff has alleged a separate federal statutory basis for this cause of action. In reading the Defendant's brief, it appears that Defendant believes that Plaintiff is pursuing a breach of contract claim under Section 301(a) of the LMRA, 29 U.S.C. §185(a). This is NOT a breach of contract claim. This is an Americans With Disabilities Act claim under 42 U.S.C. §12101 et seq. [hereinafter "ADA"]. See, jurisdictional paragraph of Plaintiff's Complaint. In addition, Plaintiff timely filed the claim with the EEOC, and received the requisite Right to Sue letter. See, Paragraph 37 of Joint Stipulated Facts. Hence, the jurisdictional prerequisites to a claim under ADA have been met.

2. The Union's commitment to arbitrate under the contract does not pre-empt individual's right to sue under ADA. In Wright v. Univ. Maritime Service Corp. 525 U.S. 70, 142 L. Ed 2d 361, 119 S. Ct. 391 (1998), the Supreme Court of the Untied States explicitly addressed the issue of a collective bargaining agreement's commitment to arbitrate as pre-empting the individual's right to sue. There, the Supreme Court looked at the specifics of the CBA:

- a general agreement to arbitrate
  "…all matters affecting wages, hours and other terms and conditions of employment…"
  525 U.S. at 73, 142 L ed 2d at 366-367

- a specific contract term that
  "…no provision or part of this agreement shall be violation of any Federal or State Law."
  525 U.S. at 73, 142 L ed 2d at 367.

4

Despite the clear mandate of the contract, and the Federal policy favoring arbitration, the Supreme Court of the United States held that "pre-emptive" did not apply to civil rights claim and the Union did not waive the employee's right to sue under the ADA:

> "Our conclusion that a union waiver of employee rights to a federal judicial forum for employment-discrimination claims must be clear and unmistakable means that, absent a clear waiver, it is not "appropriate," within the meaning of this provision of the ADA, to find an agreement to arbitrate."
>
> 525 U.S. at 82, 142 L Ed 2d at 372

This holding was consistent with a long-standing precedent in <u>Alexander v. Gardner-Denver Co.</u> 415 U.S. 36, 39 L Ed 2d 147, 94 S.Ct. 1011 (1974) which held that civil rights claims – and the availability of the Federal courts for reconsideration – cannot be pre-empted by the availability of a grievance arbitration process, even if first utilized by the employee. See. also, <u>EEOC v. Waffle House,</u> 534 U.S. 279, 151 L.Ed.2d 755, 122 S.Ct. 754 (2002). This approach has been followed in this court in <u>Tice v. Ctr. Area Transp. Auth.</u> 247 F 3d 506, 519 (3rd Cir, PA 2001); <u>Assicurazioni General, SPA v. Clover</u> 195 F 3d 161, 166 (3rd Cir., 1999); and <u>Durham Life Ins. Co. v. Evans</u> 166 F 3d 139, 159 (3rd Cir, 1999). See, also, <u>Underwood v. Chef Fransico</u> 200 F. Supp. 2d 475, 479 (ED, Pa, 2002); <u>Osuala v. County College of Phila</u> 2000 U.S. Dist. Lexis 11609 (ED, Pa, 2000); <u>Schumacher v. Souderton Area School Dt.</u> 2000 U.S. Dist. Lexis 563 (ED, PA, 2000); <u>Burgess Steel Prods. Corp. v. Iron Workers</u> 1999 U.S. Dist. Lexis (D, NJ 1999).

Absent special language in the collective bargaining agreement, the Courts have almost uniformly held that an individual's federal civil rights claim cannot be subject to the defense of pre-emption for failure to arbitrate under the grievance arbitration mechanism of a collective bargaining agreement because the individual's constitutional

rights are paramount to an implied waiver of a union-management collective bargaining agreement.  See, also, Kennedy vs. Superior Printing Co., 215 F.3d 650, (6th Cir. 2000); martin vs. Barnesville Exempted Village Sch. Dist. Bd. of Educ., 209 F.3d 931, (6th Cir. 2000); Hunter vs. Earthgrains Co. Bakery, 281 F.3d 144, (4th Cir. 2002); Fayer v. Town of Middlebury, 258 F.3d 117, (2d Cir. 2001); EEOC Union Independiente De La Autoridad De Acueductos Y Alcantarilados De P.R., 279 F.3d 49, (1st Cir. 2002); Quint v. A.E.Staley Mfg. Co., 172 F.3d 1, (1st Cir. 1999); Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 163 F.3d 53, (1st Cir. 1998); Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 170 F.3d 1, (1st Cir. 1999); Pender v. Dist. Council 37 AFSCME, 223 F.Supp. 2d 534, 540, (S.D.N.Y. 2002); NYP Holdings, Inc. v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 2002 U.S. Dist. Lexis 13151, (S.D.N.Y. 2002); Scheiner v. N.Y. City Health & Hosps. Corp. 152 F. Supp. 2d 487, (S.D.N.Y. 2001); Fowler v. Transit Supervisors Org., 2000 U.S. Dist. Lexis 17452, (S.D.N.Y. 2000); Clarke v. UFI, Inc., 98 F.Supp. 2d 320, (E.D.N.Y. 2000); Rogers v. New York Univ., 1999 U.S. Dist. Lexis 14278, (S.D.N.Y. 1999); Litaker v. Lehman Bros. Holdings, 1999 U.S. Dist. Lexis 12581, (S.D.N.Y. 1999); Van-Go Transp. Co. v. New York City Bd. of Educ., 53 F.Supp. 2d 278, (E.D.N.Y. 1999); Martinez v. United Techs. Corp., 50 F.Supp. 2d 130, (D. Conn. 1999); Hart v. Canadian Imperial Bank of Commerce, 43 F.Supp. 2d 395, (S.D.N.Y. 1999); Prince v. Coca-Cola Bottling Co., 37 F.Supp. 2d 289, (S.D.N.Y. 1999); Beason v. United Techs. Corp., 37 F.Supp. 2d 127 (D. Conn. 1999); Curtis v. Airborne Freight Corp., 1998 U.S. Dist. Lexis 19636, (S.D.N.Y. 1998); Phillips v. Cigna Invs., 27 F.Supp. 2d 345, (D. Conn. 1998); Rowles v. Automated Prod. Sys., 1999 U.S. Dist. Lexis 21605, (M.D. Pa. 1999); Charles v. Virgin Islands Serv. Co., 1999 U.S. Dist.

Lexis 2007, (D. VI, 1999); Safrit v. Cone Mills Corp., 248 F.3d 306, (4th Cir. 2001); Robinson v. Healthtex, Inc., 2000 U.S. App. Lexis 11961, (4th Cir. 2000); Brown v. ABF Freight Sys. Inc., 183 F.3d 319, (4th Cir. 1999); Carson v. Giant Food, Inc., 175 F.3d 325, (4th Cir. 1999); Local 1422, Int'l Longshoremen's Ass'n v. South Carolina Stevedores Ass'n, 170 F.3d 407, (4th Cir. 1999); Bedwell v. Mack Trucks Inc., 1999 U.S. App. Lexis 2847, (4th Cir. 1999); Harris v. GM Powertrain, 1999 U.S. App. Lexis 309, (4th Cir. 1999); Birch v. Pepsi Bottling Group, Inc., 207 F.Supp. 2d 376, (D. Md. 2002); Winston-Salem Mailers Union No. 133 v. Media Gen. Operations, Inc., (M.D.N.C. 2001); Safrit v. Cone Mills, 1999 U.S. Dist. Lexis 18985, (M.D.N.C. 1999); Manns v. Fieldcrest Cannon, Inc., 1999 U.S. Dist. Lexis 21872, (W.D. Va. 1999); Horton v. Norfolk Southern Corp., 102 F.Supp. 2d 330, (M.D.N.C. 1999); Pichon v. Murphy, USA Inc., 2001 U.S. Dist. Lexis 7379, (E.D. La. 2001); Paris v. Dallas Airmotive, Inc., 130 F.Supp. 2d 844, (N.D. Tex. 2001); Marsh v. First USA Bank, N.A., 103 F.Supp. 2d 909, (N.D. Tex. 2000); Jupiter v. BellSouth Telecomms., Inc., 1999 U.S. Dist. Lexis 17431, (E.D. La. 1999); and Douglas v. Timex Corp., 1998 U.S. Dist. Lexis 23390, (S.D. Tex. 1998).  See, also, Terrazas v. Medlantic Healthcare Group, 45 F.Supp. 2d 46 (DC, DC. 1999), copy attached hereto as Exhibit A; Collins v. Uniroyal, 71 F.Supp. 2d 909 (DC, ND. Ind., 1999), copy attached as Exhibit B; and Nyhart v. UAW International, 170 F.Supp. 2d 1135 (DC, Kan. 2001), copy attached as Exhibit C.  Compare, also, Routes v. Henderson, 58 F.Supp. 2d 959, (S.D. Ind. 1999); Fellows v. Board of Trustees of Welborn Clinic, 63 F.Supp. 2d 942 (S.D. Ind. 1998); Marathon Asland Petroleum, LLC. v. Int'l Bhd. of Teamsters Local No. 120, 300 F.3d 945, (8th Cir. 2002); Twentieth

Century-Fox Film Corp. v. Beckum, 36 Fed. Appx. 271, 2002 U.S. App LEXIS 9952 (2002); Deck v. American Haw. Cruises, Inc., 51 F.Supp 2d 1057, (D. Haw. 1999).

Even, assuming, arguendo, that there was the requisite special language in the collective bargaining agreement explicitly requiring that the ADA claim be arbitrated, it would be an open question before the Supreme Court of the United States as to whether or not that waiver of the employee's right to a judicial forum would be appropriate. See, Wright v. Universal Maritime Service Corp., 525 U.S. at 82, 142, L Ed 2d at 372, 119 S. Ct. at 391:

> "We take no position, however, on the effect of this promise in cases where a CBA clearly encompasses employment-discrimination claims, or in areas outside collective bargaining."

Here, the special language is not present. Even if it were, it is not automatic that the Supreme Court of the United States would apply a "pre-emption" argument to an ADA claim for failure to exhaust collective bargaining mechanism.

3. <u>CBA Exhibit L versus CBA Article X.</u> As the parties have stipulated, the employer knows that it had a choice: apply Article X and give Plaintiff the enhanced pension OR apply Exhibit L (employee off of medical leave) and deny him the enhanced pension. The Defendant elected the approach that gave the disabled employee less benefits.

Even if this was not an ADA case – even if this was a case which "pre-emption" might properly apply, the doctrine of exhaustion of CBA grievance mechanism does not apply when the question involves the intention and motives of the employer. Lingle v. Norge, Division of Magic Chef, 486 U.S. 399, 100 L ed 2d 410, 108 S. Ct. 1877 (1988). There, the employer argued unsuccessfully that the employee's retaliation claim for

seeking workers' compensation benefits was intertwined with an interpretation of the CBA which needed arbitration. The Supreme Court of the United States disagreed, point out that the issue really involved a question of the intention and motivation of the employer in using the CBA in the way that it did, not an interpretation of the CBA. That is equally true here. The employer concedes that, if the employer was treated under Article X of the CBA, he would have received the enhanced pension. The employer concedes that it intentionally elected to treat him differently because he was coming off of disability leave. Hence, the election to treat a disabled employee differently solely because of his disability status concedes the discrimination and takes the employer outside of the protection of "pre-emption" even if it otherwise would have applied. <u>Lingle v. Norge, Division of Magic Chef</u>, <u>supra</u>.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment ought to be denied, and judgment entered on Plaintiff's Motion for Summary Judgment.

*Orloski, Hinga, Pandaleon & Orloski*

_____
Richard J. Orloski
Attorney for Plaintiff
Attorney ID No. 09857
111 N. Cedar Crest Blvd.
Allentown, PA 18104
610-433-2363